SZAKACS, Estate of, In re.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25405. Decided May 25, 1961.

Mr. *Russell N. Chase*, for appellees.
Mr. *Francis E. Picklow*, for appellant.

(DOYLE, J., HUNSICKER, P. J., of the Ninth District, GUERNSEY, J., of the Third District, sitting by designation in the Eighth District.)

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Probate Court which, after finding that the "fiduciary never applied for or received permission of the Court to manage the real estate and/or the rooming house business of the decedent," disallowed the following items of credit claimed in the final account of Julius Hartman, Executor:

| "East Ohio Gas Company | $ 294.44 |
| Cleveland Electric Illuminating Co. | 62.94 |
| Water Bills | 12.70 |
| Cleaning House | 268.04 |
| Laundry | 684.80 |
| Total | $1322.92" |

It appears that decedent died testate December 14, 1958; that appellant was appointed executor of her estate on December 20, 1958; that until her death she owned and operated a small rooming house; and that after her death appellant continued the rooming house business, without obtaining authorization of Probate Court, until the real estate was sold.

In support of each of the items of credit for utilities bills paid the appellant filed with his final account the regular monthly or bi-monthly receipts received by him. These receipts show that the utilities for which the executor paid were furnished in each case during a period of time starting about a month before the death of decedent and ending about the time the real estate was sold.

In support of the items of credit for cleaning house and laundry the appellant filed with his final account the respective receipts of one Mary Gondorcin which showed that such services were performed from the date of decedent's death to May 4, 1960.

Exceptions to the final account were filed by one Russell N. Chase as attorney for three legatees, excepting, among other things not herein material, to the allowance of the credits for cleaning house and for laundry, but not excepting to any of the credits for utilities bills. Mr. Chase assigns error of the trial Court in allowing a funeral bill but as he did not file a

notice of appeal this Court may not consider his assignment of error.

On the hearing of the exceptions no evidence was offered by either the executor or the exceptors for or against the allowance of the credits pertaining to the respective utilities bills. The only evidence pertaining to house cleaning and laundry credits was to the effect that the payments were made weekly for services rendered after the death of the decedent, there being no showing as to the amount of each weekly payment.

We have considered appellant's first four assignments of error and find that with reference thereto the Court did not commit prejudicial error. As his fifth assignment appellant claims that "the Court erred in permitting the income to be considered as part of the estate and disallowing the expenses incurred in obtaining said income."

Section 2113.30, Revised Code, provides, in pertinent part, as follows:

"Except as otherwise directed by the decedent in his last will and testament, an executor * * * may, without personal liability for losses incurred, continue the decedent's business during one month next following the date of the appointment of such executor * * *, unless the probate court directs otherwise, and for such further time as the court may authorize on hearing * * *."

Under the provisions of this section appellant had the right, even without authorization of court, to continue the rooming house business of decedent for one month from the date of his appointment, i. e., until January 20, 1959. Being permitted to continue the business he was entitled on proper proof to be credited with all the expense of such continuation incurred during and for such period of time, as well as to be credited with expenses incurred by decedent prior to her death.

When the correctness of credits taken by him in his final account was challenged the burden of establishing their validity was upon him. See *Steward* v. *Barry*, 102 Ohio St., 129. It was therefore incumbent upon him on hearing to bear the burden of proof with respect to those items of account pertaining to the house cleaning and laundry, which items were challenged by the exceptors. The receipts which he filed with his account and the evidence which he offered at the hearing showed

that these items were for a period of time which extended from a date prior to his appoinmtent to a date more than a month beyond his appointment. There was no evidence offered by exceptor to show that these items pertained only to a period of time for which he could receive no credit. In our opinion he should have been given credit for that portion of each of these items incurred to and including the 20th day of January, 1959, and, upon rehearing should be permitted to offer evidence on which a determination of such portion may be based.

As he was required only to bear the burden of proof on the items of credit to his account which were challenged and since there was no challenge upon which he was heard as to the items of account pertaining to the East Ohio Gas Company, Cleveland Electric Illuminating Company, and the Water Bills, he cannot be charged for his failure to submit evidence with respect to these items. It does not appear from the record that the executor was informed before hearing of any doubt that the trial court may have had as to these items or that the court was challenging them.

There may be cases where a Probate Court in the exercise of its plenary powers may sua sponte disallow a credit claimed by an executor when it appears on the face of his account, or by the supporting vouchers filed therewith, that the executor is not entitled to such credit. However, it appears from the utilities receipts filed with appellant's account that some of the utilities bills for which executor claims credit were for utilities furnished during periods of time extending from before decedent's death to a date one month from the date of appellant's appointment. Appellant was entitled to credits for bills paid for utilities furnished during these periods of time.

For the error of the trial court in not allowing the portion of the credits due to appellant, which error was prejudicial to him, the judgment of the trial court disallowing these items of credit is reversed and vacated and the cause is remanded to the trial court for rehearing and for further proceedings according to law.

DOYLE, J., HUNSICKER, P. J., concur.